UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

In re PAMELA FAUST, LEN MARAZZO, LISA McCARTHY, DEBORAH RUBINSOHN, and GARY TALEWSKY,
Petitioners.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,
Respondent Court.

PARAMOUNT SKYDANCE CORPORATION and SKYDANCE MEDIA, LLC,
Real Parties in Interest.

Ninth Circuit No. 26-6423
District Court No. 4:26-cv-03790-AMO
The Honorable Araceli Martínez-Olguín

# EMERGENCY MOTION FOR A TEMPORARY INJUNCTION PENDING CONSIDERATION OF THE PETITION

## EMERGENCY MOTION UNDER CIRCUIT RULE 27-3
## IMMEDIATE RELIEF REQUESTED OCTOBER 1, 2026
## DECISION REQUESTED BY OCTOBER 5, 2026 AT 5:00 P.M. PACIFIC TIME
## ANTICIPATED CLOSING OCTOBER 6, 2026

Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome St, 14th Floor
San Francisco, CA 94104
Tel: (415) 434-8900
Fax: (415) 434-9200
Email: jmalioto@aliotolaw.com

Ronald D. Foreman, Esq. (SBN 61148)
Ian A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone: (415) 433-3475
Facsimile: (415) 781-8030
Email:
foremanandbrasso@foremanandbrasso.com

Attorneys for Petitioners

**Circuit Rule 27-3 Certificate**

I, Joseph M. Alioto, undersigned counsel for Petitioners, certify the following. Notice and service are prospective, Notice and service described prospectively below will be completed on October 1, 2026; no completed notice or service is represented by those statements.

**1 Counsel contact information**

Joseph M. Alioto; Tatiana V. Wallace
ALIOTO LAW FIRM
One Sansome Street, 14th Floor, San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com (firm contact)

Ronald D. Foreman; Ian A. Hansen
FOREMAN & BRASSO
850 Montgomery Street, Suite 300, San Francisco, CA 94133
Telephone: (415) 433-3475
Email: foremanandbrasso@foremanandbrasso.com; iah@foremanandbrasso.com

Jeffrey L. Kessler
WINSTON TAYLOR LLP
200 Park Avenue, New York, NY 10166-4193
Telephone: (212) 294-6700
Email: jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian; Matthew R. DalSanto
WINSTON TAYLOR LLP
101 California Street, 21st Floor, San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Email: jeanifer.parsigian@winstontaylor.com;
matthew.dalsanto@winstontaylor.com

Conor A. Reidy; Kevin B. Goldstein
WINSTON TAYLOR LLP
300 N. LaSalle Drive, Chicago, IL 60654-3406
Telephone: (312) 558-5600
Email: conor.reidy@winstontaylor.com; kevin.goldstein@winstontaylor.com

Matthew R. Huppert
WINSTON TAYLOR LLP
1901 L Street NW, Washington, DC 20036-3506
Telephone: (202) 282-5000
Email: matt.huppert@winstontaylor.com; matthew.huppert@winstontaylor.com

Marguerite Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000, Washington, DC 20004
Telephone: (202) 637-2200
Email: marguerite.sullivan@lw.com

Hanna Nunez Tse
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000, San Francisco, CA 94111-2562
Telephone: (415) 391-0600
Email: hanna.nuneztse@lw.com

Natalie Kaliss
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000, San Francisco, CA 94111
Telephone: (415) 391-0600
Email: natalie.kaliss@lw.com

Shayan Ahmad
LATHAM & WATKINS LLP
1271 Avenue of the Americas, New York, NY 10020
Telephone: (212) 906-1200
Email: shayan.ahmad@lw.com

## 2 Nature of the emergency and requested decision date

The district court denied Petitioners' application to prevent consummation on September 30, 2026. Dkt. 96, APP 3–4. That day it also dissolved the separate no-closing restraint in the States' action. States Dkt. 266 at 4, APP 40. The companies announced an expected October 6 closing, subject to customary conditions. Ex. A. Petitioners request an immediate injunction on October 1, with a decision by October 5 at 5:00 p.m. Pacific Time, to preserve separate ownership while this Court considers the petition. The announcement supplies no closing hour or assurance against an earlier closing.

## 3 Why this motion could not have been filed earlier

This motion responds to the September 30 denial, dissolution of the separate restraint, and announcement of the anticipated closing date. Petitioners previously sought protection below in Dkt. 92. They submit this motion the day after the challenged disposition to obtain protection during this Court's consideration of the petition.

## 4 Notice and service and opposing parties position

On October 1, before or upon filing, counsel will notify the Court's emergency motions unit at Emergency@ca9.uscourts.gov or (415) 355-8020 of the assigned case number, filing date, requested relief, anticipated closing, and requested decision deadline.

On October 1, at the earliest practicable time before or upon filing, counsel will email the opposing counsel listed above notice and copies of this motion and its exhibits, together with the petition and appendix if not already provided. Counsel will request Defendants' position, confirmation of the closing date and time, and agreement to refrain from closing during consideration. Service will be completed through authorized appellate electronic service, email with established consent, or delivery under Federal Rule of Appellate Procedure 25(c). Counsel will file proof of completed service and provide the petition to the district judge under Rule 21(a)(1).

Defendants opposed the restraint below. Dkt. 93. Their position on this appellate motion is not yet confirmed. Counsel will promptly report any response or agreement concerning closing.

## 5 Relief requested in the district court

Petitioners sought a restraint against consummation in Dkt. 92. The district court denied it in Dkt. 96 and warned that further requests submitted without evidentiary support would face summary denial. This motion requests direct temporary protection from this Court on the evidence already in the district court record.

Dated: October 1, 2026
Respectfully submitted,
ALIOTO LAW FIRM
s/ Joseph M. Alioto
Joseph M. Alioto
Attorneys for Petitioners

**Introduction**

Petitioners request an immediate temporary injunction prohibiting the Real Parties in Interest from consummating Paramount Skydance Corporation's acquisition of Warner Bros. Discovery, Inc., and integrating the businesses, until this Court disposes of the petition or orders otherwise. The companies anticipate closing October 6. Petitioners request action today, and a decision by October 5 at 5:00 p.m. Pacific Time.

The district court denied protection on the premise that Petitioners offered no evidence. However, Defendants' sworn declaration and authenticated transaction materials, already filed before the application, describe the combination of Paramount+ and HBO Max into one platform. That evidence bears directly on the elimination of an independent competitor and the threatened injury to consumers who purchase these services. A brief injunction would preserve separate ownership while this Court considers the petition, including its request for protection through disposition of the dismissal motion set for hearing October 22.

**Procedural background**

Petitioners applied for relief against consummation on September 21. Dkt. 92, APP 54–59. On September 30, the district court denied relief, citing evidentiary insufficiency and continuing standing concerns. Dkt. 96, APP 3–4; Ex. B. The separate States' no-closing restraint was dissolved the same day. States Dkt. 266 at 4, APP 40. The companies then announced an anticipated October 6 closing.

Ex. A. Petitioners request notice of the announcement's issuance and stated timing solely to establish this emergency, rather than as new proof of the antitrust merits.

**Argument**

Petitioners seek relief under 28 U.S.C. § 1651(a) and Federal Rules of Appellate Procedure 21 and 27 to protect this Court's review of the challenged disposition and its potential appellate jurisdiction over the underlying action. *FTC v. Dean Foods Co.*, 384 U.S. 597, 603–05 (1966), recognizes jurisdiction-preserving merger relief in the FTC setting. The petition must satisfy the demanding mandamus requirements, including no adequate alternative remedy and a clear and indisputable right. *Cheney v. United States District Court*, 542 U.S. 367, 380–81 (2004); *In re Mersho*, 6 F.4th 891, 897–98 (9th Cir. 2021). The interim injunction factors are likelihood of success, likely irreparable injury, the balance of equities, and public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

**I The existing record contradicts the finding that Petitioners offered no evidence**

Petitioners identified evidence already filed in this action before the September 21 application. Dkt. 94 at 2–3, APP 42–43. Goldberg's declaration authenticates the transaction exhibits. Dkt. 34, APP 363–370. Ellison's discussion of combining the services appears in Dkt. 34-3 at 10, APP 406, independently of the later essay at Dkt. 80-2. Defendants' sworn declaration describes consolidated

streaming infrastructure, content savings through pruning, and Paramount+ and HBO Max on one platform. Dkt. 35 ¶¶ 8, 12, 17, APP 356–362.

These materials directly establish the planned competitive change. Defendants' asserted efficiencies and consumer benefits present competing inferences from the same record. *Id.* ¶¶ 12, 17–19. They do not support a categorical finding that evidence was absent. Petitioners submit that disregarding these identified materials constitutes clear error. Their challenge concerns the failure to account for the evidence, rather than a request to reweigh evidence the court evaluated.

## II The evidence supports likely competitive harm and threatened injury to Petitioners

Ellison describes combining services with more than 200 million subscribers. Dkt. 34-3 at 10. That worldwide figure illustrates scale, rather than a United States market share. The pertinent competitive evidence is Defendants' express plan to place substantial independent services under common ownership and combine their platform and infrastructure. The acquisition would remove independent decisions concerning prices, programming, promotions, and investment. It therefore concerns a significant rival and a specific competitive relationship, rather than the elimination of any competitor regardless of significance.

The FAC alleges that Marazzo and Rubinsohn purchase both Paramount+ and HBO Max and make recurring decisions between the services based on price, programming, advertising, and value. Dkt. 81 ¶¶ 142–150, APP 274–276. Their limited verifications address personal subscription, payment, use, and threatened-injury facts in the original complaint. Dkt. 45 ¶ 3, APP 353; Dkt. 47 ¶ 3, APP 349. Petitioners rely on those verified personal facts, rather than treating the verifications as blanket verification of the later FAC. Defendants' independent evidence corroborates the combination that threatens the competitive terms of these purchases.

Section 16 permits protection against a significant threat of antitrust injury before actual injury occurs. 15 U.S.C. § 26; *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130 (1969). Here, the asserted injury concerns the economic value of services these consumers purchase, is traceable to Defendants' announced combination, and would be prevented by maintaining separate ownership. The precise future price increase or content reduction need not already be announced for the identified threat to warrant preventive consideration.

**III Closing before review would impair effective preventive relief**

The announced closing would replace separate ownership with common control before this Court considers the petition. The sworn record describes the integration that would follow. Dkt. 35 ¶¶ 8, 17. *Boardman v. Pacific Seafood*

*Group*, 822 F.3d 1011, 1023–24 (9th Cir. 2016), recognizes competitive harm as irreparable injury when supported by the record. In *California v. American Stores Co.*, 492 U.S. 1301, 1304–08 (1989) (O'Connor, J., in chambers), Justice O'Connor preserved an injunction against integration during review after acquisition. A restraint before closing would protect the opportunity for prevention and avoid intervening injury and the complexity of separating integrated businesses.

The district court warned that further requests submitted without evidentiary support would face summary denial. Dkt. 96 at 2, APP 4. Because it treated this existing record as unsupported, repeating the request on the same evidence offers no adequate assurance of timely protection. Petitioners submit that ordinary review after consummation would not adequately protect the opportunity to prevent the threatened change. A brief injunction permits this Court to determine the petition and any appropriate procedural avenue while separate ownership remains intact.

**IV The equities and public interest favor a brief injunction**

Defendants identify approximately $6.9 million in daily ticking consideration and separate financing burdens. Dkt. 35 ¶¶ 22–23. The ticking amount is additional purchase consideration voluntarily negotiated by the parties. States Dkt. 204-3, Annex A, APP 229. September 30 triggers that consideration; it is not the contractual outside date. Section 8.1(b)(i) specifies March 4, 2027, with

extension under stated conditions. Id., APP 201. These financial costs warrant expedited review, but should not outweigh temporary protection against the competitive injury supported by the record.

The requested injunction lasts only through this Court's consideration of the petition, subject to further order. Prompt consideration accommodates Defendants' costs while preserving effective antitrust enforcement and adjudication on the existing record. Petitioners request an expedited response schedule if needed and waiver of security, or expedited determination of appropriate security.

**Conclusion**

Petitioners request an immediate order enjoining Paramount Skydance Corporation and Skydance Media, LLC, and persons acting in concert with them who receive actual notice, from consummating the proposed acquisition of Warner Bros. Discovery, Inc., or integrating the businesses, pending disposition of the petition or further order of this Court. Petitioners request entry today, with a decision no later than October 5, 2026, at 5:00 p.m. Pacific Time.

Dated: October 1, 2026
Respectfully submitted,
ALIOTO LAW FIRM
s/ Joseph M. Alioto
Joseph M. Alioto
Attorneys for Petitioners

**Certificate of Compliance**

This motion contains 1,198 words, including its substantive headings and signature block, and excluding the items exempted by Federal Rule of Appellate Procedure 32(f). It complies with the 5,200-word limit under Rule 27(d)(2)(A).

This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6), as applicable through Rules 27(d) and 32(c)(2). It was prepared in 14-point Times New Roman, a proportionally spaced serif typeface.

Dated: October 1, 2026
s/ Joseph M. Alioto
Joseph M. Alioto

**Exhibit A**

**Closing date statement from the September 30 company announcement**

Source: Joint company announcement distributed by Warner Bros. Discovery, Inc., through PR Newswire on September 30, 2026, at 6:49 p.m. Eastern Time. Accessed October 1, 2026.

The following quotation reproduces the closing-date statement from the first paragraph, with the preceding transaction description omitted:

"… is expected to close on October 6, 2026 (the 'Anticipated Closing Date'),

subject to customary closing conditions."

This excerpt is submitted concerning the announcement's existence and stated anticipated timing. It does not establish a guaranteed closing date or hour.

https://www.prnewswire.com/news-releases/paramount-skydance-and-warner-bros-discovery-announce-anticipated-closing-date-of-paramount-merger-302895095.html

# Exhibit B September 30 denial order



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| PAMELA FAUST, et al.,<br>Plaintiffs,<br>v.<br>PARAMOUNT SKYDANCE CORPORATION, et al.,<br>Defendants. | Case No. 26-cv-03790-AMO<br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br>Re: Dkt. No. 92 |

Before the Court is a motion for temporary restraining order ("TRO") from Plaintiffs Pamela Faust, Len Marazzo, Lisa McCarthy, Deborah Rubinsohn, and Gary Talewsky. Plaintiffs request a TRO enjoining Defendants from closing, consummating, or otherwise completing one of the two merger transactions underlying this lawsuit, Defendant Paramount Skydance Corporation's proposed acquisition of Warner Bros. Discovery. The motion follows the Court's earlier consideration and rejection of Plaintiffs' motion for preliminary injunction seeking similar relief. *See* Dkt. Nos. 12 & 69.

To obtain the extraordinary remedy of preliminary injunctive relief, such as the TRO sought here, the moving party must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief, (3) the balance of equities tips in the favor of the moving party, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).

The Court weighed the *Winter* factors in addressing Plaintiffs' motion for preliminary injunction. The Court denied the motion because Plaintiffs did not offer any evidence in support

of their request for extraordinary relief, which fell far short of the "clear showing" necessary to support each relevant preliminary injunction factor. *See* Hrg. Tr. (Dkt. No. 74). Plaintiffs again fail to proffer any evidence in support of the extraordinary relief requested in the instant submission. *See generally* Dkt. No. 92; *cf.* Civil L.R. 7-5. Plaintiffs rely on evidence and legal analysis from a separate case, which alleges different antitrust markets inapplicable in this case. *See, e.g.*, Dkt. No. 92 at 3 (citing *California v. Paramount Skydance Corp.*, No. 4:26-cv-07116-AMO, Dkt. No. 141 at 6-8 (N.D. Cal. July 20, 2026)). Evidence used in one antitrust case does not automatically apply with equal import in another antitrust case just as one party's success does not bear on these Plaintiffs' likelihood of success. And absent any evidence proffered in support of preliminary injunctive relief in this case, Plaintiffs are left with nothing more than allegations of antitrust violations and harm, which do not suffice for the extraordinary relief sought. *See Demartini v. Microsoft Corp.*, 662 F. Supp. 3d 1055, 1065 (N.D. Cal. 2023) ("Merely alleging the elimination of a rival does not plausibly support an inference of an appreciable danger of anticompetitive effects in a relevant market."). Moreover, Plaintiffs' likelihood of success remains unclear given the serious concerns regarding Plaintiffs' standing as identified in the Court's order granting Defendant's motion to dismiss, Dkt. No. 79 at 4-9, and renewed in Defendant's pending motion to dismiss the amended complaint, Dkt. No. 87 at 13-21. Thus, Plaintiffs do not meet the "clear showing" necessary to obtain preliminary injunctive relief. *See Winter*, 555 U.S. at 22; *Leiva-Perez*, 640 F.3d at 966.

The Court therefore **DENIES** Plaintiffs' motion for TRO. In light of Plaintiffs' repeated failures to advance any evidence in support of their motions for preliminary relief in this case to date, the Court cautions Plaintiffs that future motions for TRO or preliminary injunction submitted without evidentiary support will face summary denial.

**IT IS SO ORDERED.**

Dated: September 30, 2026



**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**